489 So.2d 138 (1986)
W.L. WATSON, Appellant,
v.
CITY OF ST. PETERSBURG, a Municipal Corporation Organized under the Laws of the State of Florida, Appellee.
No. 84-2666.
District Court of Appeal of Florida, Second District.
May 23, 1986.
*139 Edmund S. Whitson, Jr. and Gary D. Sizemore of Whitson & Whitson, P.A., Clearwater, and Thomas G. Pelham and William L. Hyde of Culpepper, Pelham, Turner & Mannheimer, Tallahassee, for appellant.
Michael S. Davis, City Atty., St. Petersburg, Charles L. Siemon and Wendy U. Larsen of Siemon, Larsen & Purdy, Chicago, Ill., and F. Craig Richardson, Jr. of Siemon, Larsen & Purdy, Sarasota, for appellee.
PER CURIAM.
W.L. Watson, a property owner, appeals from a final summary judgment finding that section 29-20, a portion of the tree ordinance contained in the City of St. Petersburg Code, is not unconstitutional as constituting an unlawful delegation of legislative power to the city manager. The summary judgment did find unconstitutional, as an unlawful delegation of legislative power to the city manager, section 29-26 of that ordinance which permitted the city manager to waive the terms of that ordinance. But it was found that section 29-26 was severable and that the remainder of the ordinance could stand.[1] Watson also appeals from that finding of severability. Having considered the well-presented arguments for both sides, we affirm.
We do not find the argument as to severability to be meritorious. We address only the portion of the summary judgment regarding section 29-20. That section provides that the city manager can issue a permit for removal of trees if certain criteria are met and if there will not be "significant adverse impact" on the environment in one of eight listed areas. For example, the permit must be denied if the tree removal "will substantially alter the water table adversely ..." or "will significantly increase ambient noise levels... ."[2]
*140 Watson argues that the words "substantially" and "significantly" in that section are the types of terms which were found to be deficient in Sarasota County v. Barg, 302 So.2d 737 (Fla. 1974). Barg held that certain legislation improperly effected an unrestricted delegation of legislative authority because there were not "any standards or guidelines to aid ... in interpreting those terms." Id. at 742. See Cross Key Waterways v. Askew, 351 So.2d 1062, 1069 (Fla. 1st DCA 1977). However, we hold that section 29-20 contains sufficient standards to avoid the proscriptions of Barg.
It is agreed by both sides that the Administrative Procedure Act, to which reference is made in Barg and Cross Key, is not applicable here. But another section of the ordinance, section 29-27, provides that "[a]ny person adversely affected by a decision of the city manager in the enforcement or interpretation of any of the terms or provisions of this [ordinance] may appeal such decision to the board of adjustment."
Affirmed.
GRIMES, A.C.J., and DANAHY and LEHAN, JJ., concur.
NOTES
[1] The ordinance contained a section which provided that if a court declared any portion of the ordinance invalid, such action would not affect the validity of the balance of the ordinance.
[2] Section 29-20 in its entirety reads as follows:

Sec. 29-20. Criteria for issuance of permit.
Upon receiving the field inspection report and any requested recommendations concerning the application, the city manager shall issue a permit after application is filed with the city manager's office for the removal or relocation of tree(s) and/or clearing, if one or more of the following criteria is met and provided that none of the conditions set forth under section 29-20(b) exist:
(a) Criteria for removal.
(1) The tree is located in an area where a structure or improvements will be placed according to an approved plan, it unreasonably restricts the economic enjoyment of the property, and the tree cannot be relocated on the site because of age, type or size of the tree.
(2) The tree is diseased, injured, in danger of falling too close to existing or proposed structures, interferes with existing utility service, creates unsafe vision clearance or conflicts with other ordinances or regulations.
(3) Sufficient trees protected by this article exist on the lot or tract upon which the tree to be removed exists. Sufficient trees shall mean that the site contains an equivalent number of trees protected under this article as does the average site of similar size in the immediate surrounding area of the site.
(b) Professional evaluations. The city manager shall consider significant adverse impact in the following areas on the urban and natural environment in granting a permit, and shall deny the permit if one or more of the following conditions exists:
(1) Ground and surface water stabilization: The removal of tree(s) will substantially alter the water table adversely with regard to water assimilation by vegetation, transpiration, and the interception of solar radiation as it affects the evaporation potential of associated soils and bodies of water.
(2) Water quality and/or aquifer recharge: The removal of tree(s) will substantially lessen the ability for the natural assimilation of nutrients, chemical pollutants, heavy metals, silt and other noxious substance from ground and surface waters.
(3) Ecological impacts: The removal of tree(s) will have a substantial adverse impact upon existing biological and ecological systems, microclimatic conditions which directly affect these systems, or such removals will create conditions which may adversely affect the dynamic equilibrium of associated systems.
(4) Noise pollution: The removal of tree(s) will significantly increase ambient noise levels to the degree that a nuisance is anticipated to occur or that a violation of the city's noise control ordinance is anticipated to occur.
(5) Air movement: The removal of tree(s) will significantly reduce the ability of the existing vegetation to reduce wind velocities to the degree that a nuisance is anticipated to occur.
(6) Air quality: The removal of tree(s) will significantly affect the natural clearing of the atmosphere by vegetation through particulate matter interception, the ingestion of oxygen released to the atmosphere as a by-product of photosynthesis.
(7) Wildlife habitat: The removal of tree(s) will significantly reduce available habitat for wildlife existence and reproduction or result in the emigration of wildlife from adjacent or associated ecosystems.
(8) Aesthetic degradation: The removal of tree(s) will have an adverse effect on property values in the neighborhood where the applicant's property is located and other existing vegetation in the vicinity.
(c) Basis for denial. The city manager, upon a determination that an application is to be denied, shall state the basis for such denial specifically and shall notify the applicant of the criteria upon which said denial is predicated. (Ord. No. 202-F, § 1, 1-20-77)